# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**OTIS LOWERY,**

        **Plaintiff,**

**v.**                                           Case No:   6:17-cv-359-Orl-40GJK

**THE AUTO CLUB GROUP, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **JOINT RENEWED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE (Doc. No. 48)**
>
> **FILED:**     **July 7, 2017**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    FACTUAL BACKGROUND

On September 26, 2016, Plaintiff filed a complaint against Defendant alleging unpaid overtime in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.* Doc. No. 1. On December 21, 2016, Plaintiff filed a statement of claim alleging $6,342.34 in unpaid overtime compensation. Doc. No. 25 at 1-2. On March 1, 2017, this case was transferred from the Southern District of Florida to this District. Doc. No. 33 at 7. On July 7, 2017, the parties filed a joint motion (the "Motion") to approve their FLSA settlement agreement (the "Agreement") and dismiss the case with prejudice. Doc. No. 48.

## II. APPLICABLE LAW

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.* Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *See also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Id.* at 351-52.[2] For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs, or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.* As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, U.S. District Judge Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) <u>represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff</u>, then, unless the settlement

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.
[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.
[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

> does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney fees is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds Judge Presnell's reasoning persuasive.

## III. ANALYSIS

### A. Settlement Amount

In his statement of claim, Plaintiff claims $6,342.34 in unpaid overtime compensation. Doc. No. 25 at 1-2. Under the Agreement, Plaintiff will receive $3,200, which consists of $1,600 for unpaid overtime compensation and $1,600 for liquidated damages. Doc. No. 48-1 at 1. Since Plaintiff is receiving less than the amount he claimed, Plaintiff has compromised his claims under the FLSA. *Caseres v. Texas de Brazil (Orlando) Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. April. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*").

This case involves disputed issues of FLSA liability, which constitutes a bona fide dispute. Doc. No. 48 at 2. In order to avoid the uncertainties of litigation, the parties decided to settle their dispute. *Id.* Each party was represented by independent counsel who are experienced in handling FLSA claims. *Id.* Considering the foregoing, and the strong presumption favoring settlement, the undersigned recommends that the Court find the settlement amount to be fair and reasonable.

**B. General Release, Confidentiality Provision, and Non-Disparagement Provision**

The Agreement contains a general release, confidentiality provision, and non-disparagement provision. Doc. No. 48-1 at 2-4. Courts within this District have questioned the propriety of such provisions on the fairness and reasonableness of an FLSA settlement. With regard to general releases, U.S. District Judge Steven D. Merryday explained:

> An employee seeking to vindicate his FLSA rights often desperately needs his wages, and both the employee and the employer want promptly to resolve the matter. In a claim for unpaid wages, each party estimates the number of hours worked and the plaintiff's wage (i.e., establishes a range of recovery), and the court evaluates the relative strength of the parties' legal argument asserted in the particular case. However, in an FLSA action, neither party typically attempts to value the claims not asserted by the pleadings but within the scope of a pervasive release – that is, those "known and unknown," or "past, present, and future," or "statutory or common law," or other claims included among the boiler plate, but encompassing, terms unfailingly folded into the typical general release. Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.

*Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010). *See also Pariente v. CLC Resorts and Developments, Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014) (finding that nondisclosure provisions in FLSA settlement agreements "thwart…Congress's intent to ensure widespread compliance with the FLSA") (internal quotations omitted); *Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (noting that non-disparagement clauses are generally rejected in FLSA settlement agreements and citing authority). Nevertheless, courts have approved such provisions when separate consideration is given. *See Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100 as separate consideration for a general release); *Smith v. Aramark Corp.*, Case No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3-4 (M.D. Fla. Nov.

4, 2014) (approving FLSA settlement providing separate consideration for a confidentiality and non-disparagement clauses); *Caamal v. Shelter Mortg. Co., LLC*, Case No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving FLSA settlement providing $500 as separate consideration for a non-disparagement clause).

The aforementioned provisions are fair and reasonable because Plaintiff will receive separate consideration for each provision. The Agreement states that Plaintiff is to receive $100 for the general release, confidentiality provision, and non-disparagement provision. Doc. No. 48-1 at 1-2. Furthermore, the Motion addresses why such provisions were included in the Agreement. Doc. No. 48 at 2. Accordingly, the undersigned recommends that the Court find the Agreement's general release, confidentiality provision, and non-disparagement provision to be fair and reasonable.

### C. Jury Trial Waiver

The Agreement contains a jury trial waiver. Doc. No. 48-1 at 4. In *Ranyon v. RHA/Fern Park Mr. Inc.*, No. 6:14–cv–1112–Orl–37TBS, 2014 WL 5454395, at * 3 (M.D. Fla. Oct. 27, 2014), the Court found a jury trial waiver unenforceable because Plaintiff did not receive separate consideration for such waiver:

> In the settlement agreement, Plaintiff waives her right to a jury trial …. "[A] suit for lost wages under the [FLSA] carries a seventh amendment jury right." *Mitchell v. Consol. Freightways Corp.*, 747 F.Supp. 1446, 1451 n. 4 (M.D.Fla. Sept.24, 1990) (citing *Wirtz v. Jones*, 340 F.2d 901, 904 (5th Cir.1965)); *Walker v. Thomas*, 678 F.Supp. 164, 166 (E.D.Mich.1987). Under the terms of the settlement agreement, Plaintiff is receiving nothing in return for her waiver of her right to a jury trial.

*Id.* (emphasis added). Here, the Agreement states that Plaintiff will receive $100 in exchange for the jury trial waiver. Doc. No. 48-1 at 2. Accordingly, the undersigned recommends that the Court find the Agreement's jury trial wavier to be fair and reasonable.

**D. Future Employment Waiver**

The Agreement contains a future employment waiver in which Plaintiff waives and disclaims any right to reinstatement or reemployment with Defendant, and agrees never to seek employment with Defendant at any time in the future. Doc. No. 48-1 at 3. The undersigned finds that future employment waivers are different from general releases, in that Plaintiff, as a former employee of Defendant, knows exactly what he is relinquishing when he agrees not to seek future employment with Defendant. After reviewing the Agreement, there is no indication that the future employment waiver undermines the Agreement's fairness. Accordingly, the undersigned recommends that the Court find the future employment waiver to be fair and reasonable.

**E. Attorneys' Fees**

Under the Agreement, Plaintiff's counsel will receive $2,400 in attorneys' fees. Doc. No. 48-1 at 2. The Motion states that attorneys' fees and costs were negotiated "separate from and without regard to" Plaintiff's recovery. Doc. No. 48 at 3. Such a representation adequately establishes that the issue of attorneys' fees and costs was agreed upon without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, the undersigned recommends that the Court find the Agreement's attorneys' fee provision to be fair and reasonable.

**IV. CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that the Court:

1) **GRANT** the Motion (Doc. No. 48); and

2) **APPROVE** the Agreement (Doc. No. 48-1) to the extent that the Court finds the Agreement to be a fair and reasonable resolution of Plaintiff's claims; and

3) **DIRECT** the Clerk to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. **In order to expedite the final disposition of this matter, if the parties have no objections to this report and recommendation, they may promptly file a joint notice of no objection.** *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 3, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy